UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JOEL WERZBERGER,                                             :
                                                             :    Case No.:
                                        Plaintiff,           :
                                                             :    COMPLAINT
            -  against  -                                    :
                                                             :
GLOBAL CREDIT & COLLECTION CORP,                             :
                                                             :
                                        Defendant.           :
------------------------------------------------------------ X

JOEL WERZBERGER (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, complains, states and alleges against GLOBAL CREDIT & COLLECTION CORP, (hereinafter referred to as "Defendants"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York and submits to this Court's jurisdiction.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant is a Delaware entity with a principal executive office located at 8840 Cyprus Waters Blvd, Ste 190, Coppell, TX, 75019, and are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

8. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

9. Upon information and belief, on a date better known by Defendant, a consumer debt belonging to the Plaintiff was assigned or otherwise transferred to Defendants for collection.

10. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Defendant sent a collection letter, dated August 21, 2019, to Plaintiff. See collection letter attached hereto as Exhibit 1.

12. Defendant states in this letter that Plaintiff owes the sum of $5,069.20 on an account originating from the Synchrony Bank. See Exhibit 1, where it has the amount due of $5,069.20 in two different places in the letter.

13. However, on the same letter, Defendant states that the "Amount as of Charge off: $4,164.69". See Exhibit 1.

14. Furthermore, although there is a listed breakdown of applicable charges in the letter, the sections for post-charge off interest, non-interest fees post-charge off and payments made since charge off all list the amount of "$0.00" in said sections. See Exhibit 1.

15. Accordingly, even Defendant agrees in its letter that there is no other amount due on this account, with no additional interest or other fees. See Exhibit 1.

16. Plaintiff is incredibly confused with the letter, and what is the true correct amount due.

17. Presumably it should be the amount as of charge-off.

18. However, Defendant lists a higher amount due close to a thousand dollars more, but doesn't say why the higher amount is due.

19. Additionally, Defendant clarifies that the higher amount is not because of post-charge off interest or post-charge off fees, but yet keeps Plaintiff in the dark as to the source of its claim for those additional charges.

20. Plaintiff reread the letter in detail attempting to figure out whether the Defendant was adding collection charges, interest, or any other fees or amount, or if the $5,069.20 included multiple accounts while the $4,164.69 did not, but Plaintiff to date has absolutely no clue what the true amount is or how the Defendant calculated the amount due.

21. Defendant has made it confusing for the Plaintiff to determine how much is really owed and leaves Plaintiff uncertain of the validity and accuracy of this debt.

22. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

23. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

24. 15 U.S.C. § 1692f(1) prohibits the collection of any amount unless such amount is expressly authorized by the agreement creating the debt.

25. Defendant's fluctuating balance is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

26. Defendant's fluctuating balance is a false representation or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10).

27. Defendant's fluctuating balance is a violation of 15 U.S.C. § 1692f(1) as at least one of those balances is not expressly authorized by the agreement creating the debt.

28. Defendants' conduct, as described, is a violation of 15 U.S.C. § 1692e(2)(A) 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f(1).

## JURY DEMAND

29. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Damages against Defendants pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

Dated: April 2, 2020

Brooklyn, New York

    /s/ Joseph Balisok
Joseph Balisok, Esq.
251 Troy Ave
Brooklyn, NY 11213
Office (718) 928-9607
Fax (718) 534-9747
Joseph@LawBalisok.com
Isaac@LawBalisok.com
Attorney for Defendant